**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-4019

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CHRISTOPHER LEE HUCKABEE,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:17-cr-00153-WO-1)

Submitted: July 26, 2018                             Decided: July 30, 2018

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Clifton Thomas Barrett, Angela Hewlett Miller, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Huckabee pleaded guilty, pursuant to a written plea agreement, to conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C) (2012). The district court sentenced Huckabee to 230 months' imprisonment, followed by ten years of supervised release. On appeal, Huckabee's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), certifying that no meritorious grounds exist for appeal but questioning whether the district court adequately considered all of the 18 U.S.C. § 3553(a) (2012) factors in determining Huckabee's sentence. The Government has moved to dismiss the appeal based on the appeal waiver in Huckabee's plea agreement. Huckabee has received notice of the right to file a pro se supplemental brief and, through counsel, has filed a response to the motion to dismiss acknowledging the appeal waiver.

We conclude that Huckabee's appeal waiver is valid because he entered it knowingly and intelligently. *See United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Huckabee waived the right to appeal his conviction and any sentence below the 240-month statutory maximum, except in cases of ineffective assistance of counsel, prosecutorial misconduct, or a sentence based on an unconstitutional factor. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal as to any issues within the compass of the waiver. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). We also conclude that the record does not support any claims that cannot be waived by plea agreement. *See, e.g., United States v. Copeland*, 707 F.3d

2

522, 530 (4th Cir. 2013); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore dismiss the appeal in part and affirm the district court's judgment as to any issue not precluded by the appeal waiver. This court requires that counsel inform Huckabee, in writing, of the right to petition the Supreme Court of the United States for further review. If Huckabee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Huckabee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*